## CHAS. H. MAYDWELL AND WIFE *v.* J. J. BRYANT.

**Vendor and Purchaser—Pleading—Demurrer.**

> Where a petition by a purchaser of land shows a purchase in accordance with a plat showing lots and streets, but does not allege false representations, and it appears that the plaintiffs were as familiar as to where the streets were as was the defendant, the petition is demurrable.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 9, 1874.

OPINION BY JUDGE PRYOR:

There is no statement in the petition that any false representations were made by the appellee to induce the purchase of the lots or, if made, that such facts were not as much within the knowledge of the one party as the other. It is alleged that the lots purchased had their boundary defined by a certain plat shown the appellants, representing and defining what would be a continuation of the streets of the city by these lots, and the quantity of ground that

would be taken from the property sold for this public use; that this plat was also represented to be identical with McGougal & Hobbs' survey, the latter being, as the court has to infer, as it is not alleged, the legitimate survey of the boundaries of the streets and city lots. It is nowhere stated that the plat exhibited, was not in accordance with this city survey, or that it varied from it in any particular. The pleader is content with alleging that the lots fall short 211 feet in length, as the streets were laid out and extended, and that the city only paid them for ten feet in depth. It is not alleged that the city took only ten feet of the lot, but that the appellees owned only 272 feet, between the lines of Broadway and Bainbridge streets. If it had been stated that the city took ten feet, only leaving 272 feet, the deficit would then appear. The legitimate inference, however, from the statements made, is that the city took or occupied more of the ground than the ten feet, but only paid for that quantity. There is no statement in the pleading that the city adopted McGougal & Hobbs' survey in laying off the streets, or any facts from which fraud may be even inferred. The statement as to where the streets would run was a fact about which the appellants were as familiar, so far as the pleading shows, as the appellee. If the lots had been sold by the plat alone, and no examination made of the ground, and it turned out that the map was a false one, or incorrect, and the appellants injured thereby, a cause of action might arise; but as now presented, there is neither fraud alleged or facts shown entitling the appellants to any relief.

The demurrer was properly sustained and the judgment is therefore affirmed.

*Mundy & Parson, for appellants.*

*Badger & Mavity, for appellee.*